UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ D. JONES,<br><br>      Plaintiff,<br><br> v.<br><br>SOUND TRANSIT,<br><br>      Defendant. | CASE NO. **2:23-cv-01184-RSM**<br><br>**SECOND REPORT AND RECOMMENDATION** |

  On August 7, 2023, *pro se* Plaintiff, Cortez D. Jones, filed a complaint against Sound Transit. The complaint alleges "Sound Transit Train standing by a rider who did not pay fare," Sound Transit is liable for any injuries." Dkt. 1. Plaintiff also submitted an application to proceed *in forma pauperis* (IFP). *Id.*

  Pursuant to General Order 11-22 Plaintiff's IFP application was referred to the undersigned United States Magistrate Judge. On August 8, 2023, the Court recommended denying IFP status because Plaintiff's IFP application averred he is employed, takes home $35,000.00 a month, and received $324,000.00 in rent, interest, or dividends, and $32,000 in benefits in the last 12 months. On August 17, 2023, Plaintiff filed another IFP application and now avers he has no income or assets. Dkt. 7.

SECOND REPORT AND
RECOMMENDATION - 1

1      The Court recommends the assigned District Judge screen Plaintiff's complaint to
2 determine whether it fails to state a claim for relief and should be dismissed, or whether IFP
3 status should granted because the complaint is serviceable.

4      Under 28 U.S.C. § 1915(e), district courts must dismiss IFP complaints if "at any time" it
5 is determined the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. §
6 1915(e)(2); see also *id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)
7 (clarifying § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

8      Here, the complaint names one Defendant, "Sound Transit." and alleges its entirety:
9 Sound Transit Train standing by a rider who did not pay fare," Sound Transit is liable for any
10 injuries." Plaintiff also attached an exhibit to his complaint in which he avers he was attacked by
11 a man with a knife who cut his hand requiring Plaintiff to receive medical treatment. Dkt. 1, Exh.
12 1.

13      Plaintiff's allegations do not set forth sufficient factual matter to state a claim to relief
14 against Sound Transit that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).
15 Plaintiff alleges he was attacked by "a man with a knife."  There is no indication this man was a
16 Sound Transit employee, that Sound Transit had anything to do with the actions of this unknown
17 man or that the actions this unknown man constitute a violation of federal law or the United
18 States Constitution. The claim "Sound Transit is liable," is a conclusion, lacking any factual
19 enhancement and thus insufficient. *Id.* Plaintiff's complaint must set forth factual allegations that
20 are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
21 550 U.S. 544, 555 (2007). The complaint fails to do and thus fails to set forth facts that are
22 sufficient to state a claim upon which relief may be granted.

23

SECOND REPORT AND
RECOMMENDATION - 2

The Court thus recommends the assigned District Judge screen this matter to determine whether the complaint states a claim upon which relief may be granted. If it does IFP status may be granted, and the complaint may be served. If it does not IFP status is moot as the complaint should be dismissed.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 5, 2023.** The Clerk should note the matter for **September 8, 2023**, as ready for the District Judge's consideration.

DATED this 21st day of August, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge